## LEASE OF A CIGAR PRIVILEGE IN THE NATURE OF A GRANT.

Circuit Court of Cuyahoga County.

THE PYLE & ALLEN COMPANY V. THE HIPPODROME
BUILDING CO. ET AL.

Decided, December 23, 1912.

*Lease—Grant of Exclusive Right to Sell Cigars in Building of Lessor Enforceable—Recording of Lease Notice of Rights of Lessor.*

1. A provision in a lease of a store room that the lessee shall have the exclusive right to sell cigars and tobacco in the building of the lessor, is not in the nature of a restriction but rather in the nature of a grant, is not against public policy, and is enforceable as against the lessor and his assignees who take with notice of the grant.

2. The recording of a lease containing a grant of the exclusive right to sell cigars and tobacco in the lessor's building, is notice to the lessees of other rooms in the building of the exclusive character of the rights granted in that lease.

*C. N. Fiscus* and *M. W. Beacom*, for plaintiff in error.
*Kline, Tolles & Morley* and *Hidy, Klein & Harris*, contra.

WINCH, J.; MARVIN, J., and MEALS, J., concur.

Plaintiff by this action seeks to restrain the defendants, Stone and Stern, from selling cigars and tobacco in their cafe in the basement of the Hippodrome Building, on Euclid avenue, in the city of Cleveland.

Both parties are tenants of said building, which, in plaintiff's

lease, is described as "the Hippodrome Building situated on Euclid avenue in the city of Cleveland, Cuyahoga county, Ohio."

Plaintiff occupies a store room "on the ground floor of said building, just east of the main entrance thereof, on Euclid avenue," which is leased to them for ten years from May 1, 1910, to be used by them "for a cigar and tobacco store, and for no other purpose." In the lease appears the following:

"It is further agreed that said lessee shall have the exclusive right to sell cigars and tobacco in that part of said Hippodrome Building fronting on Euclid avenue."

This lease was left for record with the recorder of Cuyahoga county on March 20, 1911, and thereafter was duly recorded by him.

The lease to Stone and Stern was executed November 26, 1911, and covers the basement of the Hippodrome Building on the Euclid avenue front, the basement entrance being in the middle of the main entrance of that building. Defendants run a cafe and restaurant in the basement and claim the right to furnish their patrons cigars. It appears that about eighty per cent. of those who eat in their restaurant buy cigars.

Defendants urge several reasons why they should not be enjoined from selling cigars in their cafe.

First, they say, the basement is not "in that part of the Hippodrome Building fronting on Euclid avenue"; they claim that, as the basement extends under the sidewalk and out to the curb on Euclid avenue, it does not "front" on the avenue. This objection is frivolous; the basement is certainly in that part of the building which fronts on Euclid avenue.

Second, it is claimed that the rights granted by the plantiff's lease are not in the nature of an easement running with the land, but merely in the nature of a restriction, and on this point they cite the case of *The Apollo Cigar Co.* v. *O'Brien,* 11 C.C.(N.S.), 63, where the covenant *was* in the nature of a restriction.

In that case the lessor bound *himself* not to rent any part of his premises (not leased to the cigar company) for a cigar and tobacco business, except certain stands of specified dimensions in that part of the building used as a hotel. The court held there

was doubt as to the meaning of the covenant of restriction contained in this lease, and resolved the doubt adversely to the cigar company.

In the lease before us there is no doubt as to the meaning of the language used and it is not in the nature of a restriction, but rather in the nature of a grant; it reads: "lessee shall have the exclusive right to sell cigars and tobacco in that part of the Hippodrome Building fronting on Euclid avenue." It is not necessary to cite authorities to the effect that such covenants as this are enforceable, not only against the lessor but also against his assignees who take with notice of the grant.

While the defendants, Stone and Stern, had no actual notice of the terms of plaintiff's lease until sometime after they had concluded their lease with the lessor, still the recorded lease of plaintiff was sufficient notice to them.

That lease was an instrument entitled to record and fully describes the cigar privileges as being exclusive in that part of the building fronting on Euclid avenue. Defendants were taking a lease of part of that part of the building fronting on Euclid avenue, from the same lessor, and plaintiff's lease was in the defendant's chain of title and bound to be examined by them.

We find nothing invalid or contrary to public policy in the covenant under consideration; such exclusive rights are valuable and are frequently granted. Nearly every large office building in the city, and most of the hotels, have arrangements of this kind, where the cigar privileges are granted exclusively to the proprietor of one cigar store located in the building or hotel.

Doubtless the rent for plaintiff's small store in this theatre building was fixed with reference to the attractions which would draw the smoking public to that building, and a restaurant in the basement might reasonably have been anticipated by plaintiff as one of such attractions, as a large, popular theatre is located in the building.

Nor can the damage to plaintiff from a breach of its rights by defendants be easily estimated; doubtless, as defendants consider the right to vend cigars in their cafe very valuable, it is of considerable moment to plaintiff, but there is no accurate measure for this invasion of plaintiff's rights and so it should have

protection in equity, by injunction, restraining defendants from this daily and continuous invasion of rights.

It is said, however, that plaintiff has been guilty of laches in permitting defendant to go to the expense of $20,000 in fitting up their restaurant, before notice was given of plaintiff's claims.

This suggestion overlooks the fact that the record of plaintiff's lease, itself, was notice to defendants, and it loses sight of the further fact that defendants closed up their lease with lessor and obligated themselves to pay rent for the basement, sometime before plaintiff was aware that the defendants were going to move into the building.

We find no reason at law or in equity why plaintiff should be denied the relief it prays.

Judgment for plaintiff.